# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MATT HOLMAN, *Administrator of the Estate of Edna Diane Holman, deceased*, <br> Plaintiff, <br><br> v. <br><br> KNOLLWOOD NURSING HOME, LLC, *et al.*, <br> Defendants. | ) ) ) ) ) ) CIVIL ACTION NO. 1:21-00130-KD-N ) ) ) ) |

## **REPORT AND RECOMMENDATION**

This civil action is before the Court on the motion to remand this cause to state court under 28 U.S.C. § 1447(c) (Doc. 18) filed by the Plaintiff, Matt Holman, who is suing in his capacity as administrator of the estate of decedent Edna Diane Holman. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/5/2021 electronic reference).

In accordance with the Court's briefing schedule (Docs. 19, 26), the Defendants filed timely filed a response (Doc. 24) in opposition to the motion, and the Plaintiff timely filed a reply (Doc. 27) to the response. At the parties' joint request (*see* Docs. 21, 23), oral argument on the motion was held on the record with the undersigned on August 26, 2021. Thereafter, with the Court's leave (*see* Docs. 40, 42), the Defendants supplemented the record with a list of authorities cited and discussed at oral argument (Doc. 44). The motion to remand is now under submission and ripe for disposition.

Upon due consideration, and for the reasons explained herein, the undersigned will **RECOMMEND** that the Plaintiff's motion to remand be **GRANTED** because the Court lacks subject-matter jurisdiction.

## I. *Procedural Background*

The Plaintiff initiated this case by filing a complaint in the Circuit Court of Mobile County, Alabama, on February 11, 2021 (Doc. 1-1, PageID.29-37), asserting causes of action against the Defendants arising out of death of Edna Holman while she was a resident at a physical therapy rehabilitation facility in Mobile, Alabama, owned and by the artificial entity Defendants. According to the Plaintiff, the Defendants placed another patient in Edna's room who they knew, or should have known, was infected with the SARS-CoV-2 virus and suffering from COVID-19, causing Edna to contract COVID-19 and subsequently die from the disease on June 24, 2020, after being admitted to a hospital intensive care unit.

The Defendants removed the case to this Court on March 22, 2021, alleging that removal was proper under both 28 U.S.C. §§ 1441(a)[1] and 1442(a)(1).[2] The Plaintiff subsequently filed the present motion to remand, asserting that this Court lacks subject-matter jurisdiction over his claims. *See* (Doc. 18); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under

---

[1] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[2] "A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: … The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1).

section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. *General Legal Standards*

"Because this case was originally filed in state court and removed to federal court by [the Defendants], [the Defendants] bear[] the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id. Accord, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing; … removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

## III. *Analysis*

The Defendants argue that removal was proper under § 1441(a) because the Court has federal question subject-matter jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1331. While not asserting that any of the Plaintiff's claims is affirmatively brought under federal law, the Defendants argue that his claims are "completely preempted" by the federal Public Readiness and Emergency Preparedness Act ("PREP Act")—specifically, by 42 U.S.C. §§ 247d-6d and 247d-6e—thus making his state law claims federal claims for purposes of removal jurisdiction.[3]

---

[3] "Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint … [I]t is now settled law that a case may not be removed to federal court on

As the Defendants point out, subsection (a) of § 247d-6d provides that, "[s]ubject to the other provisions of this section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [by the Secretary of Health and Human Services] under subsection (b) has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1). Subsection (d) provides that, in general, "the sole exception to the immunity from suit and liability of covered persons set forth in subsection (a) shall be for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct, as defined pursuant to subsection (c), by such covered person." *Id.* § 247d-6d(d)(1).[4] Finally, subsection (e) provides that "[a]ny action under subsection (d) shall be filed and maintained only in the United States District Court for the District of Columbia." *Id.* § 247d-6d(e)(1), and sets forth additional procedures governing such suits. Finally, section 247d-6e provides for the establishment of emergency funds to provide compensation for eligible individuals injured by the administration or use of a covered countermeasure, generally requires

---

the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. []There does exist, however, an independent corollary to the well-pleaded complaint rule known as the 'complete pre-emption' doctrine. On occasion, … the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (citations, footnote, and some quotation marks omitted).

[4] "An action under [§ 247d-6d(d)] may be brought for wrongful death or serious physical injury by any person who suffers such injury or by any representative of such a person." 42 U.S.C. § 247d-6d(d)(2).

exhaustion of remedies through such funds prior to bringing suit under § 247d-6d(d), and sets forth further procedures governing causes of action under § 247d-6d(d).

Read together, the Defendants argue, §§ 247d-6d and 247d-6e completely preempt related state law causes of action because they "provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). The Defendants argue that they are "covered persons" under § 247d-6d, that the Secretary of Health and Human Services issued declarations under § 247d-6d(b) for the COVID-19 pandemic, and that the allegations in the complaint indicate that Edna Holman's death "result[ed] from the administration to or the use by [the Defendants] of a covered countermeasure" provided by those declarations, thus making her state law claims completely preempted under the PREP Act. In further support, the Defendants point to advisory opinions and declarations issued by the Secretary of Health and Human Services finding that the PREP Act is a complete preemption statute, and argue that courts must, or at least should, defer to those findings.

Alternatively, the Defendants argue that, even if the PREP Act does not provide complete preemption, adjudication of the Plaintiff's state law claims will involve significant interpretation of the PREP Act, and related regulations, departmental declarations, and advisory opinions. Thus, argue the Defendants, the Plaintiff's claims "arise under" federal law because they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable &*

*Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).[5]

The Defendants also assert that removal is proper under § 1442(a)(1). As the Defendants argue, the complaint "challenges Defendants' measures in response to the COVID-19 pandemic[,]" but the "Defendants worked throughout the pandemic under the supervision and specific direction of the United States government to follow evolving federal nursing home guidelines from the Centers for Disease Control…, the Centers for Medicare and Medicaid Services…, and the Occupational Safety and Health Administration…" (Doc. 1, PageID.19-20). Accordingly, in relation to the Plaintiff's claims, the Defendants were persons "acting under [an] officer[] of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office…" 28 U.S.C. § 1442(a)(1).[6] [7]

---

[5] "[T]he Supreme Court has explained that '*Grable* exemplifies' a 'slim category' of cases…" *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)).

[6] Regarding that provision, the Eleventh Circuit has explained:

> The right of removal "is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S. Ct. 1813, 1816, 23 L. Ed. 2d 396 (1969). If the statutory prerequisites are satisfied, section 1442(a)(1) provides an independent federal jurisdictional basis.
>
> The purpose of section 1442(a)(1) is to "permit[ ] the removal of those actions commenced in state court that expose a federal official to potential civil liability or criminal penalty for an act performed ... under color of office." *Murray v. Murray,* 621 F.2d 103, 107 (5th Cir. 1980). In *Willingham,* the Supreme Court noted that "the removal statute is an

The Plaintiff disputes each of the foregoing grounds for removal. With regard to "complete preemption," the Plaintiff concedes that the PREP Act "is a proper preemptive act giving rise to 'an exclusive federal cause of action' in an 'exclusive federal jurisdiction[,]' " (Doc. 18-1, PageID.153), but argues that his claims are outside of the Act's scope because the complaint does not allege "that the Defendants **used or**

---

incident of federal supremacy, and that one of its purposes was to provide a federal forum for cases where federal officials must raise defenses arising from their official duties." 395 U.S. at 405, 89 S. Ct. at 1815. "[T]he test for removal should be broader, not narrower, than the test for official immunity." *Id.*

Proper removal of an action under section 1442(a)(1) has historically required the satisfaction of two separate requirements. First, the defendant must advance a "colorable defense arising out of [his] duty to enforce federal law." *Mesa v. California,* 489 U.S. 121, 133, 109 S. Ct. 959, 966–67, 103 L. Ed. 2d 99 (1989) (quoting *Willingham,* 395 U.S. at 406–07, 89 S. Ct. at 1816). That defense need only be plausible; its ultimate validity is not to be determined at the time of removal. *Id.* at 129, 109 S. Ct. at 964. However, absent the assertion of a federal defense, a state court action against a federal officer is not removable. *Id.*

Second, the defendant must establish that there is a "causal connection between what the officer has done under asserted official authority" and the action against him. *Maryland v. Soper,* 270 U.S. 9, 33, 46 S. Ct. 185, 190, 70 L. Ed. 449 (1926) (interpreting predecessor statute); *see also Willingham,* 395 U.S. at 409, 89 S. Ct. at 1817. However, the Supreme Court has held that, in a civil suit … , it is sufficient for the defendant to show that his relationship to the plaintiff "derived solely from [his] official duties." *Willingham,* 395 U.S. at 409, 89 S. Ct. at 1817.

*Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427–28 (11th Cir. 1996).

[7] On August 3, 2021, the Defendants moved to amend their notice of removal to allege diversity of citizenship under 28 U.S.C. § 1332(a) as an additional basis for subject-matter jurisdiction supporting removal under § 1441(a). (*See* Doc. 34). Because the Court denied that motion (*see* Doc. 37), the undersigned does not consider whether diversity of citizenship supports removal.

**administered** a countermeasure program, as defined by HHS's initial declaration, which resulted in Holman's death." (*Id.*, PageID.154 (emphasis in original)). Rather, argues the Plaintiff, his claims are based on the Defendants' alleged "**failure to** administer" COVID-19 countermeasures. (*Id.*, PageID.156 (emphasis in original)).

As for the Defendants' argument that the Plaintiff's claims "arise under" federal law under the test in *Grable*, the Plaintiff argues "that Congress did not contemplate that federal courts would determine all state common-law or statutory claims against providers related to COVID-19[,]" and that "[u]nder the Defendants' theory, every negligence claim against a covered person touching on COVD-19 [sic] would necessarily be heard in federal court, a theory which would result in a plethora of federal cases, thereby impacting the federal-state balance." (Doc. 18-1, PageID.158).[8] Finally, the Plaintiff's argue that federal officer removal jurisdiction under § 1442(a)(1) does not apply "because the Defendants cannot establish that they acted under and on behalf of a federal agency." (Doc. 18-1, PageID.159).

Upon due consideration of the parties arguments and the record, the undersigned is not persuaded by any of the Defendants' arguments in favor of subject-matter jurisdiction. Instead, like the district judge in *Schleider v. GVDB Operations, LLC*, No. 21-80664-CIV, 2021 WL 2143910 (S.D. Fla. May 24, 2021) (Dimitrouleas, J.) (slip copy), *appeal docketed*, No. 21-11765 (11th Cir.), the undersigned "approves of and adopts

---

[8] The Plaintiff is wrong to argue that this Court should rely instead on the reasoning of *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), to determine whether his state law claims can be said to "arise under" federal law. As the Eleventh Circuit has recognized, in *Grable*, "the Supreme Court retreated somewhat from *Merrell Dow*'s focus on the availability of a federal private right of action and established a new test for determining whether a state-law cause of action gives rise to federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). Thus, the *Grable* test controls over *Merrell Dow*'s on this issue.

herein the exhaustive analysis set forth in *Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021)" (Chen, J.). 2021 WL 2143910, at *3. Like this case, *Dupervil* involved a complaint filed in state court against a nursing home and its employees over the death of a resident who contracted COVID-19 at the facility and died. The *Dupervil* defendants removed that case to federal court on the same grounds raised by the Defendants in this case, but the district judge rejected each of those grounds and remanded. For the reasons explained in *Dupervil* and *Schleider*, the same should occur here. Accordingly, the Plaintiff's motion to remand is due to be **GRANTED**.[9]

### IV. *Conclusion & Recommendations*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Plaintiff's motion to remand (Doc. 18) be **GRANTED** and that this cause be remanded to the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. And because a lack of subject-matter jurisdiction deprives the Court of the power to decide the merits of the Plaintiff's claims,[10] the undersigned further **RECOMMENDS** that the Court take

---

[9] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Plaintiff has not requested payment of any such costs or expenses, and the undersigned finds no cause to *sua sponte* impose such payment. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." ).

[10] *See, e.g., Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (lack of subject-matter jurisdiction means "the court is without power to do anything in the

no action on the Defendants' "Motion to Dismiss or, in the Alternative, Motion to Transfer Venue" (Doc. 8) and "Motion to Drop Fraudulently Joined Parties Stacey Mroczko and Leslie McDuffie" (Doc. 30), and instead let the state court determine how best to proceed with those motions following remand.

**DONE** this the 22**nd** day of October 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

case"); *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction. We have explained that, in the federal tandem, jurisdiction takes precedence over the merits. Unless and until jurisdiction is found, both appellate and trial courts should eschew substantive adjudication." (citation and quotation omitted)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.